John Randall Jefferies (No. 011542)
FENNEMORE CRAIG, P.C.
3003 North Central Avenue
Suite 2600
Phoenix, AZ 85012-2913
Telephone: (602) 916-5000
Facsimile: (602) 916-5513
Email: rjefferi@fclaw.com

Attorneys for C.S. McCrossan, Inc.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| C.S. MCCROSSAN, INC.<br><br>v.<br><br>THE UNITED STATES; acting by and through the DEPARTMENT OF TRANSPORTATION and the FEDERAL HIGHWAY ADMINISTRATION | No. 05-1065C<br><br>JOINT PRELIMINARY STATUS REPORT<br><br>(Assigned to the Honorable Charles F. Lettow) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the case management procedure delineated in Appendix A, § III of the Rules of the United States Court of Federal Claims ("RCFC"), the parties file this Joint Preliminary Status Report.

**I. Jurisdiction**

The Court possesses jurisdiction pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 609.

**II. Consolidation**

The parties are unaware of any other case with which this case should be consolidated.

**III. Bifurcation**

The parties agree that this case should not be bifurcated.

**IV. Deferral of Further Proceedings**

The parties are unaware of any reason to defer any proceedings in this case based upon other pending cases. The parties are unaware of any basis for transferring this case to another tribunal, or of any related case pending in another tribunal.

**V. Remand or Suspension**

Neither party presently intends to seek a remand or suspension.

**VI. Additional Parties**

The parties do not intend to join any other parties at this time.

**VII. Dispositive Motions**

The parties have no current plans for filing dispositive motions, but it is too early in the proceedings to determine whether dispositive motions under RCFC 56 may be appropriate.

**VIII. Relevant Issues**

At this point in the case, the parties have identified the following issues relevant to this action. Additional relevant issues may become apparent as the case proceeds.

1. Whether McCrossan is entitled to an equitable adjustment for horizontal drilling cost overruns, based upon theories of breach of contract, negligence, misrepresentation, and/or constructive change, and, if so, how much.

2. Whether McCrossan is entitled to additional compensation for earthwork overruns, based upon theories of breach of contract and/or constructive change, and, if so, how much.

3. Whether McCrossan is entitled to additional compensation and a remission of all liquidated damages for delays resulting from, among other things, weather, unsuitable excavation materials, configuration and design changes, geological conditions, animal restrictions, and unanticipated waste disposal, based upon theories of substantial completion, breach of contract, breach of duty to cooperate, and/or constructive change, and, if so, how much.

4. Whether McCrossan is entitled to additional compensation for excavation performed in repair areas, based upon theories of breach of contract and/or constructive change, and, if so, how much.

5. Whether McCrossan is entitled to additional compensation for producing subbase and backfill and an equitable adjustment for transporting and crushing the resulting waste, based upon theories of breach of contract, constructive change, and/or breach of implied warranty of suitability and accuracy, and, if so, how much.

6. Whether McCrossan is entitled to compensation for curb backfill, based upon theories of breach of contract and/or constructive change, and, if so, how much.

7. Whether McCrossan is entitled to compensation for

crusher fines used as topping material to plate rock cuts, based upon theories of breach of contract and/or constructive change, and, if so, how much.

8. Whether McCrossan's claims are barred by the doctrines of payment, estoppel, and/or accord and satisfaction, and, if so, how much.

**IX. Settlement and Alternative Dispute Resolution**

The parties anticipate that settlement negotiations may occur after the parties have conducted some discovery. If settlement negotiations take place, some form of alternative dispute resolution may be appropriate at that time.

**X. Anticipate Proceeding to Trial/Expedited Trial**

As stated above, one or both parties may move for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. Neither party requests expedited trial scheduling. The parties propose that the trial take place in either Phoenix or Tucson, Arizona.

**XI. Electronic Case Management Needs**

At this time, neither party has any special issues regarding electronic case management needs.

**XII. Proposed Discovery Schedule**

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures | May 8, 2006 |
| Close of Fact Discovery | January 20, 2007 |
| Plaintiff's Expert Report Due | February 17, 2007 |
| Defendant's Expert Report Due | March 17, 2007 |
| Deadline for Expert Depositions | April 28, 2007 |
| Dispositive Motion Deadline | May 12, 2007 |

**XIII. Other Information for the Court**

The parties do not have any additional information for the Court at this time.

DATED this 24th day of April, 2006.

FENNEMORE CRAIG, P.C.

By s/ John Randall Jefferies
John Randall Jefferies
Attorneys for C.S. McCrossan, Inc.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Roger A. Hipp
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
roger.hipp@usdoj.gov

s/ John Randall Jefferies

1775790.2