IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| C. S. MCCROSSAN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1065C |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL SETTLEMENT

Defendant, the United States, respectfully submits this response to the motion of plaintiff, C.S. McCrossan, Inc., to compel settlement. The motion lacks merit and should be denied.

The Attorney General of the United States possesses plenary authority to compromise lawsuits against the United States. 28 U.S.C. §§ 516, 519; Executive Order 6166 (June 10, 1933); Op. Att'y Gen. 98 (1934). The Attorney General has delegated that authority to subordinate officials in the Department of Justice, as set forth in title 28, chapter I, part 0, subpart Y of the Code of Federal Regulations.

The Government's trial attorney in this case possesses no authority to settle this lawsuit. His role is limited to preparing a recommendation memorandum for the consideration of supervisory officials at the Department of Justice. These facts were explained to plaintiff's counsel during settlement negotiations. Hipp Declaration, attached.

The Government's trial attorney is the person responsible for the long delay in handling McCrossan's settlement offer. He acknowledges that he did not complete his settlement recommendation until prompted to do so by plaintiff's motion.

The Government's trial attorney apologizes for the delay. In recent months, he has been preparing for two trials that are scheduled to be tried in January 2008. The first case is Tetra

Tech EC, Inc., v. United States, Fed. Cl. No. 06-146C. Trial in that case is scheduled to commence on January 14, 2008.

The second case is Adams Construction Co., Inc. v. United States, No. Fed. Cl. No. 04-1164C. Trial in that case was originally scheduled to commence on October 22, 2007. On September 28, 2007, at the request of both parties, trial was rescheduled to commence on January 22, 2008.

In addition to the two pending trials, the Government's trial attorney is responsible for handling eight other cases that are pending in this Court: Agee v. United States, Fed. Cl. No. 04-175C; Bennett v. United States, Fed. Cl. No. 06-572C; Don Worley & Co. v. United States, No. 04-1187C; International Air Response, Inc. v. United States, No. 00-428C; Mann v. United States, No. 98-312; National American Insurance Co. v. United States, No. 04-1390; Structural Concepts, Inc., v. United States, No. 04-1141; Toste v. United States, No. 04-902;

The Government's trial attorney is also responsible for three matters pending in the United States Court of Appeals for the Federal Circuit. Chief among these is Inversa S.A., Inc., v. United States, Fed. Cir. No. 2007-5110, which counsel argued on December 5, 2007. The other cases are: In re Joseph P. Carson, Fed. Cir. Misc. No. 862; and Schuster v. Office of Personnel Management, Fed. Cir. No. 2008-3016.

Finally, the Government's trial attorney is responsible for two cases pending in the United States Court of International Trade: United States v. LHI Inc., CIT No. 02-816; and United States v. Wilfran Agricultural Industries, Inc., CIT No. 07-231.

The Government's trial attorney acknowledges that, notwithstanding his responsibilities in other cases, he should have given prompt attention to the settlement offer in this case. He

apologizes to McCrossan and its counsel for having failed to do so, and for his failure to communicate the status of the case to plaintiff's counsel.

However, the delay in handling McCrossan's settlement proposal is not grounds for compelling a settlement, as McCrossan proposes in its motion. The discretion of the Attorney General (and those to whom he has delegated his authority) is plenary, and he cannot be compelled to accept McCrossan's offer. See Applegate v. United States, 52 Fed. Cl. 751 (2002) (discussing plenary nature of Attorney General's settlement authority).

For the foregoing reasons, the Government respectfully requests that McCrossan's motion to compel settlement should be denied.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

December 7, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on December 7, 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL SETTLEMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp